UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARBARA WALTERS,

PLAINTIFF

-against-

CENLAR, FSB,

DEFENDANT.

Case No. 20-cv-00416-jma-ays

## SECOND AMENDED COMPLAINT

Plaintiff BARBARA WALTERS, by her attorneys THE YITZHAK LAW GROUP, as and for her Second Amended Complaint against Defendant CENLAR, FSB,[1] herein allege as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for violation of the Fair Debt Collection Practices Act ("FDCPA") and damages for trespass and wrongful eviction, intentional infliction of emotional distress, and negligence based on Defendant's breaking into Plaintiff's residence and changing the lock on her door.

### II. PARTIES

2. Plaintiff at all times relevant to this action resided in a home on the real property located at 199 Chichester Avenue, Center Moriches, NY 11934 (the "Premises").

3. Defendant Cenlar, FSB is a business having an address at 425 Phillips Blvd, Ewing Township, NJ 08618, an agent for service of process at 780 Township Line Road,

---

[1] Plaintiff is filing an amended complaint per Federal Rule of Civil Procedure 15(a)(2), allowing an amended complaint on consent in writing from the opposing party, filed May 18, 2021 (**Dkt. #20**).

1

Yardley, PA 19067, and conducts a substantial amount of business in Suffolk County, New York.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and the FDCPA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims for trespass, intentional and negligent infliction of emotional distress, and negligence under 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy under Article III of the U.S. Constitution.

6. This Court has personal jurisdiction over the parties to this action because a substantial part of the acts and omissions giving rise to Plaintiff's claim occurred in the Eastern District of New York. The Premises are also located in the District.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the Premises are situated there.

### IV. FACTS

8. At all times relevant to this Complaint, Plaintiff was the true owner and occupier of the Premises, which is located on real property known as 199 Chichester Avenue, Center Moriches, NY 11934. It was her primary and only residence and she lived there full-time until November 2020.

9. Defendant Cenlar, FSB is a mortgage servicing company hired by the mortgagee of the Premises.

10. A short sale of the Premises was approved in 2015 but was never completed.

11. Foreclosure sales of the Premises were scheduled for 2017 and 2020 but were never completed. Plaintiff sold the Premises on November 11, 2020.

12. On August 14, 2019, while Plaintiff occupied and lived full-time at the Premises, Defendant sent an agent or employee to complete a Broker's Price Opinion Inspection ("BPO inspection") of the property. Defendant, at all relevant times, had actual knowledge that Plaintiff was residing at the Premises based on speaking with Plaintiff before sending the inspector. Plaintiff told Defendant during a call before the inspection that she was occupying the Premises.

13. On August 20, 2019, Defendant, without Plaintiff's knowledge and consent, broke in Plaintiff's back door on the Premises, entered the Premises and changed the lock and doorknob so that Plaintiff could no longer enter the door.

14. Defendant intentionally interfered with Plaintiff's possession of her property through the act of breaking in and changing the lock on the Premises so that Plaintiff could not enter the home, having actual and constructive knowledge Plaintiff resided at the Premises and did at the time Defendant took these actions.

15. Defendants, at all times, had actual knowledge that Plaintiff was residing in the home and excluded her from possession of her home. Furthermore, Defendants were only hired to do a BPO inspection of the property.

16. Plaintiff submitted a police report regarding Defendant's August 20, 2019 break-in. On August 27, 2019, Plaintiff submitted a Freedom of Information Law ("FOIL") request to obtain a copy of the police report from the incident.

17. Plaintiff suffered severe emotional distress due to the actions taken by the Defendant to exclude her from residing on the Premises.

18. Plaintiff's severe emotional distress resulted in her inability to sleep or function correctly, and she lost her job in medical billing at the end of August 2019. She incurred medical bills for treatment for her mental distress.

## V. FIRST CAUSE OF ACTION: FDCPA VIOLATION

19. Paragraphs 1 through 18 are herein incorporated.

20. The FDCPA regulates the collection of consumer debt, defined as any obligation or alleged obligation of a consumer to pay debts for personal, family, or household purposes. This includes personal debts and mortgages.

21. Defendant was acting to collect on a mortgage held by Plaintiff with CitiMortgage, Inc. or its predecessor(s) in interest.

22. Subsection 6(A) of Section 808 of the FDCPA (15 U.S.C. § 1692f) prohibits the use of unfair, abusive, or deceptive practices in the collection of debts, specifically taking nonjudicial action to effect the dispossession or disablement of property.

23. Defendant, through the act of breaking in and changing the lock, took nonjudicial action to dispossess and exclude Plaintiff from the Premises in violation of the FDCPA.

24. Defendant lost its privilege to nonjudicially repossess because it breached the peace of the Plaintiff's Premises. Defendant knew or had constructive knowledge that Plaintiff resided at the Premises in August 2019 when it called her, scheduled the inspection, and then broke into her home to change the lock on the back door of the Premises.

25. Breach of the peace occurs when there is a disturbance of public order either by an act of violence, by an act that is likely to produce violence, or an act that disturbs the peace and quiet of the community.

26. Defendant's breaking into Plaintiff's home on the Premises and changing the lock on Plaintiff's home on the Premises was an act likely to produce violence. A substantial risk of violence could have occurred when Defendant changed the lock. Defendants actions prevented Plaintiff from entering her home, disturbed the peace and quiet of the

community where she lives, and put her in fear of further violations of her property and person.

27. Defendant, by changing the lock of Plaintiff's home with no present right to possession of the Premises, violated subsection 6(A) of Section 808 of the FDCPA and is liable to Plaintiff for the resulting damages.

## VI.   SECOND CAUSE OF ACTION: TRESPASS AND WRONGFUL EVICTION

28. Paragraphs 1 through 27 are herein incorporated.

29. Defendant intentionally entered onto Plaintiff's land without permission, changed the lock on the door of the home located on the Premises, and excluded Plaintiff from enjoyment of the Premises.

30. A party is liable for trespass when a person, without justification or permission, intentionally enters upon another's property, or, if permission is given, refuses to leave after such permission had been withdrawn.

31. While changing of the locks is permitted if the property had been abandoned by the owner, that was not the case here. Defendant at all relevant times had actual or constructive knowledge that Plaintiff was currently, and had at all relevant times been, living on the Premises.

## VII.   THIRD CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Paragraphs 1 through 31 are herein incorporated.

33. When Defendant caused the lock to be changed on Plaintiffs' home on the Premises, Defendant intentionally and recklessly conducted itself toward Plaintiff in a manner so shocking and outrageous that it exceeded all reasonable bounds of decency.

5

34. Plaintiff suffered severe emotional distress as a result of Defendant's improperly exclusion of her from her home. She suffered emotional distress of an intensity and duration that no reasonable person could be expected to endure.

35. Defendant is liable to Plaintiff for the resulting severe emotional distress and resulting damages.

## VIII. FOURTH CAUSE OF ACTION: NEGLIGENCE

36. Paragraphs 1 through 35 are herein incorporated.

37. Defendant owed a duty of care to Plaintiff, and it acted with a lack of ordinary care when it breached that duty and caused the lock to be changed on Plaintiff's Premises. A reasonably prudent person would not have done such an act under the same circumstances.

38. Defendant's actions were the proximate cause of Defendant's damages.

39. Defendant was damaged because she could not access her home, suffered distress, lost her job and had to seek medical care. Her damages were foreseeable by Defendant.

40. Defendant was also responsible for the act of its employee or agent who broke into the door and changed the lock on Plaintiff's Premises. Said employee or agent was acting in the furtherance of Defendant's business and within the scope of the employee's authority.

41. Defendant's employee or agent who broke into the door and changed the lock on Plaintiff's Premises performed such act while the employee or agent was engaged generally in the performance of assigned duties. The act was also reasonably necessary or incidental to the employee's or agent's employment by Defendant.

42. Defendant acted negligently toward Plaintiff and is liable to her for its actions.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court grant her statutory damages for Defendant's violation of the FDCPA, and compensatory and punitive damages for trespass and wrongful eviction, intentional infliction of emotional distress, and negligence, and for any other such further relief the Court deems just and proper.

Dated: Great Neck, New York
       May 18, 2021

**THE YITZHAK LAW GROUP**
*Attorneys for Plaintiff*

By: _____
Michele M. Bowman, Esq.
1 Linden Place, Suite 406
Great Neck, New York 11021
(516) 466-7144
michele@etylaw.com